IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY W. PETERSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; <br><br> Defendant. | 8:20CV293 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on several matters. Although most pending motions have either been addressed on the record (*see* Filing Nos. 117, 124), the Court issues this Memorandum and Order to clarify certain matters and indicate which matters will remain pending for trial.

**I.    BACKGROUND**

Plaintiff Troy Peterson is employed with Defendant Union Pacific as a trainman. On November 4, 2018, Plaintiff was working as a conductor on a train going from Herington, Kansas, to Pratt, Kansas. While enroute, near South Hutchison, Kansas, Plaintiff's train was directed into a siding to allow another train to pass. At approximately 6:30 a.m. on November 4, 2018, Plaintiff was instructed to perform a "roll-by inspection" of a passing train on the main-line track. To perform the job, Plaintiff had to get off the locomotive he occupied and take a position on the ground to perform the inspection. Plaintiff climbed down the locomotive ladder to reach the ground below. Plaintiff alleges that when he placed one foot on the roadbed made up of sloping ballast, the ballast suddenly gave way, resulting in injury to Plaintiff's right upper right shoulder and elbow. Plaintiff's injuries required surgery and other medical treatment. Plaintiff alleges his injuries are permanent and resulted in permanent physical restrictions. Plaintiff seeks

1

damages from Union Pacific under the Federal Employer's Liability Act ("FELA"), [45 U.S.C. § 51](#).

In preparation for trial, the parties filed myriad motions and objections. On October 18, 2021, the parties appeared before the Court to address pending motions and hold a conference on the Court's proposed jury instructions. The pending motions included Union Pacific's Motion to Exclude Testimony of Plaintiff's expert, Brandon Ogden ([Filing No. 36](#)); Union Pacific's Motion to Exclude Future Wage Loss Calculations of Jeffrey B. Opp ([Filing No. 52](#)); Union Pacific's Motion to Exclude Expert Opinion Testimony of Dr. Ryan Livermore ([Filing No. 54](#)); Union Pacific's Motion regarding unresolved objection to deposition testimony of Dr. Brennen Lucas ([Filing No. 56](#)); Union Pacific's Motion to exclude evidence and argument of references to medical expenses that have been paid ([Filing No. 58](#)); Union Pacific's Motions in Limine 5-19 ([Filing No. 60](#)); Plaintiff's Motion in Limine ([Filing No. 63](#)); and Plaintiff's Objection to late expert disclosures ([Filing No. 105](#)).

Also, before the Court were the parties' objections to deposition designations (Filing Nos. 83, 85, 86, 87, 94, 95, 98, 99) and Plaintiff's Objection to the Proposed Jury Instructions ([Filing No. 114](#)). The minute entry for the hearing on October 18, 2021, indicates that each of these matters were "granted and denied as stated on the record." Filing No. 117. In a follow up hearing on November 5, 2021, the parties confirmed that the only matters pending were Union Pacific's Motion to Exclude Testimony of Plaintiff's expert Brandon Ogden ([Filing No. 36](#)), Union Pacific's Motion to Exclude Expert Opinion Testimony of Dr. Ryan Livermore ([Filing No. 54](#)), and the objections to the various deposition designations (Filing Nos. 83, 85, 86, 87, 94, 95, 98, and 99).

The Court will not revisit each matter already ruled on at the hearings. The parties have specifically represented that many of these matters have been resolved. The Court

will incorporate changes to the proposed jury instructions as stated at the October 18, 2021, hearing. *See* Filing No. 124 at 12-22. The Court recognizes the parties have submitted their deposition designations and objections on the record but will reserve ruling on the admissibility of each of the designations until trial. The Court requests that the party seeking to use a deposition at trial notify the Court the day before the deposition is to be presented at trial.

## II. DISCUSSION

Although pretrial issues were either resolved on the record at prior hearings or will be addressed at trial, for sake of clarity, the Court addresses Union Pacific's Motion to Exclude Testimony of Plaintiff's expert Brandon Ogden (Filing No. 36) and Union Pacific's Motion to Exclude Expert Opinion Testimony of Dr. Ryan Livermore (Filing No. 54).

## LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The proponent of expert testimony bears the burden of providing admissibility by a preponderance of the evidence. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Testimony is relevant if it is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck*, 338 F.3d at 860. To satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence "that the methodology underlying [the expert's] conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citations omitted). There is no single requirement for admissibility as long as the proffer indicates that the expert's testimony and evidence is reliable and relevant. *Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 829 (8th Cir. 2019).

"When the *application* of a scientific methodology is challenged as unreliable under *Daubert* and the methodology itself is sufficiently reliable, outright exclusion of the evidence is warranted only if the methodology 'was so altered by a deficient application as to skew the methodology itself.'" *United States v. Gipson*, 383 F.3d 689, 697 (8th Cir. 2004) (emphasis in original) (quoting *United States v. Martinez*, 3 F.3d 1191, 1198 (8th Cir. 1993)). Generally, deficiencies in application go to the weight of the evidence, not its admissibility. *See id.* "'As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (quoting *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 976 (8th Cir. 1995)).

"[C]ases are legion" in the Eighth Circuit that "call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is

known' it should be tested by the adversary process with competing expert testimony and cross–examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert*, 509 U.S. at 590). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

District courts are "not to weigh or assess the correctness of competing expert opinions." *Id.* The jury, not the trial court, should be the one to 'decide among the conflicting views of different experts.'" *Kumho Tire Co.*, 526 U.S. at 153.

"It is up to the opposing party to challenge the factual basis for an expert's opinion in cross-examination." *Bettisworth v. BNSF Ry. Co.*, No. 8:17-CV-491, 2020 WL 3498139, at *3 (D. Neb. June 29, 2020) (citing *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596. "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson*, 754 F.3d at 562 (quoting *Daubert*, 509 U.S. at 590).

## ANALYSIS

### A. Testimony of Brandon Ogden

Union Pacific argues Ogden, Plaintiff's liability expert, should be excluded from offering two of the three opinions contained in his expert report because he is not qualified to offer them and because they are neither relevant nor reliable under Rules 402 and 702 of the Federal Rules of Evidence. The Court concludes that Ogden is a qualified expert

5

and any deficiencies in his qualifications or methods can be properly addressed on cross examination.

Union Pacific offered several reasons that Ogden's expertise should be limited. Union Pacific argues that Ogden is unqualified because he never worked in the department of a railroad responsible for track design, construction, inspection, maintenance, or repair. However, Plaintiff has shown that as Superintendent of Operations for BNSF Railway, Ogden was responsible for the entire operation of the railroad, including transportation, mechanical, and engineering. Union Pacific also asserts that Ogden lacks training or experience in accident investigation. However, Plaintiff showed that for the past five years, Ogden specialized in accident investigations as an expert consultant. Moreover, while at BNSF, Ogden's duties included investigating incidents resulting in injuries to determine contributing factors and root causes; supervising investigations of railway incidents and their contributing factors and root causes; leading railroad site-safety teams to solve railroad-operation safety issues and coordinating with site-safety teams to solve safety issues and eliminate risk. Finally, Union Pacific asserts that Ogden does not have expertise in engineering and ballast standards. However, Plaintiff has shown that Ogden's training and experience required him to have knowledge of railroad engineering as it relates to the inspection, maintenance, and repair of ballast along track.

Union Pacific's other arguments relate to considerations that Ogden either failed to acknowledge, or failed to consider, when providing his opinion. However, these arguments do not go to Ogden's expertise or methods, they are instead meant to question Ogden's opinions. These opinions should be tested by competing expert testimony and cross-examination, rather than excluded by the Court without the benefit of other

6

testimony.  See *Daubert*, 509 U.S. at 590.  In sum, arguments about the factual inputs of Ogden's opinion go to the weight and credibility not admissibility.

    **B. Testimony of Dr. Ryan Livermore**

Plaintiff's expert disclosure stated that Dr. Livermore would "testify to the nature and extent of Plaintiff's injuries, his permanent disability, the relationship of the trauma to Plaintiff's physical condition as well as Plaintiff's medical restrictions, need for future medical treatment and the cost of such treatment as to all matters obtained in his records previously provided." Filing No. 48-2.  Union Pacific argues that Dr. Livermore should be precluded from offering opinions at trial that it would be "difficult" for Plaintiff to perform his former job as a conductor for Union Pacific.  Union Pacific argues that Dr. Livermore's opinion does not meet the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, nor is it reliable or relevant.

At the outset, Dr. Livermore's disclosure was not deficient.  The Eighth Circuit has recognized that "[t]he disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018).  As a non-retained expert, Plaintiff was only required to identify the subject matter of Dr. Livermore's testimony and "a summary of the facts and opinion to which he is expected to testify." Fed. R. Civ. P. 26(a)(2)(c).  The comment to the 2010 Amendment that enacted Rule 26(a)(2)(C) specifically contemplated disclosures of treating physicians like Dr. Livermore by stating "[f]requent examples include physicians or other health care professional … who do not regularly provide expert testimony." Fed. R. Civ. P. 26(a)(2)(C) cmt. 2010 Amendment.

Dr. Livermore's opinion on Plaintiff's permanent restrictions is also admissible.  Union Pacific does not appear to assert that the initial disclosure was untimely or

improper. Rather, Union Pacific argues that Dr. Livermore's opinion at his trial testimony was inconsistent with his discovery deposition. A timeline may be helpful to understanding Union Pacific's argument. Plaintiff disclosed Dr. Livermore's opinion in his expert disclosures dated April 1, 2021. At his discovery deposition on August 16, 2021, Dr. Livermore testified that "at this time" he could not form a final opinion on Plaintiff's permanent restrictions. At Dr. Livermore's trial deposition on August 30, 2021, Plaintiff's counsel read the job description of a conductor to Dr. Livermore and asked if Plaintiff could perform it. Dr. Livermore opined "I do think it would be difficult for him to safely perform that job." Livermore Evid. Depo. at 48: 7-14. Union Pacific argues that this opinion contradicted his previous statement that he could not form a final opinion on Plaintiff's permanent restrictions. Thus, according to Union Pacific, Dr. Livermore's trial deposition testimony was not timely disclosed.

The Court is not persuaded that Union Pacific was prejudiced by this sequence. The Court first notes that Dr. Livermore's testimony about Plaintiff's permanent restrictions at the trial deposition was consistent with the subject matter of Dr. Livermore's original disclosure. Additionally, Dr. Livermore's discovery deposition testimony included opinions consistent with these later statements and consistent with the expert disclosure. These opinions included that that the permanent lifting restrictions placed on Plaintiff by another treating doctor were "reasonable;" and that lifting objects over 40 pounds "may exacerbate [Plaintiff's] pain or potentially put him at risk of further injury." August 16, 2021, discovery deposition transcript of Dr. Livermore at 47:3-8; *see also id.* at 53:20-54:12. The Court cannot conclude that Dr. Livermore's August 30, 2021 opinions were so inconsistent with the opinions at the August 16, 2021 deposition that they constituted an undisclosed opinion.

The Court has considered Union Pacific's remaining arguments about Dr. Livermore, and none would exclude his testimony. The evidence shows that counsel for Union Pacific cross-examined Dr. Livermore at length and was able to compare his discovery deposition testimony with his trial testimony. Union Pacific has also disclosed a medical expert who will offer opinions contradicting Dr. Livermore's permanent disability and medical restriction opinions. Union Pacific's remaining arguments all go the weight and credibility of Dr. Livermore's testimony rather than its admissibility.

THEREFORE, IT IS ORDERED:

1. Defendant's Motion to Exclude Testimony of Brandon L. Ogden (Filing No. 36) is denied.

2. Defendant's Motion in Limine No. 2, to Exclude Expert Opinion Testimony of Dr. Ryan Livermore (Filing No. 54) is denied.

3. Parties' various Objections to Deposition Designations (Filing Nos. 83, 85, 86, 87, 94, 95, 98, and 99) will be decided at trial.

Dated this 3rd day of February, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge